JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-3637 JGB (DTBx)** | Date | July 9, 2026 |
|---|---|---|---|
| Title | ***Xianjun Du, et al. v. Sunrun Inc.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) DISMISSING Plaintiffs' Complaint (Dkt. No. 1) (IN CHAMBERS)**

On June 30, 2026, Plaintiffs Xianjun Du and Lihua Liu filed a Complaint raising several state claims and two federal claims: (1) for violation of 15 U.S.C. § 1125(a)(1)(B), otherwise known as Section 43(a) of the Lanham Act; and (2) for violation of 47 U.S.C. § 227(b)(1)(C). ("Complaint," Dkt. No. 1.)  Under Federal Rules of Civil Procedure 12(b)(1) and (6), a court may sua sponte dismiss a claim.  Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).  The court need not give notice of sua sponte dismissal "where the claimant cannot possibly win relief."  Id.  Rule 12(b)(1) permits dismissal where the Court lacks subject-matter jurisdiction over a claim, while Rule 12(b)(6) permits dismissal for failure to state a claim upon which relief may be granted.  See Rule 12(b).

With respect to Plaintiffs' Lanham Act claim, the Supreme Court has been clear that consumers like Plaintiffs cannot bring an action under that statute:

> The [Lanham Act's] private remedy may be invoked only by those who allege an injury to a commercial interest in reputation or sales. A consumer who is hoodwinked into purchasing a disappointing product may well have an injury-in-fact cognizable under Article III, but he cannot invoke the protection of the Lanham Act.

POM Wonderful LLC v. Coca-Cola Co., 573 U.S. 102, 108 (2014) (internal citation omitted). Plaintiffs are simply not the type of party eligible to bring a Lanham Act claim.  As a result,

---

**CIVIL MINUTES—GENERAL**    Initials of Deputy Clerk MG

Plaintiffs have failed to state a claim upon which relief may be granted under the Lanham Act. The Court **DISMISSES** Plaintiffs' Lanham Act claim **WITHOUT LEAVE TO AMEND**.

Plaintiffs also fail to state a claim upon which relief may be granted for their Section 227 claim arising under the Telephone Consumer Protection Act ("TCPA"). Section 227(b)(1)(C) prohibits use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." Id. Plaintiffs allege that Defendant used a social media platform to message them an unsolicited direct message promoting Defendant's products. (See Compl. ¶ 116.) Plaintiffs Complaint on its face demonstrates that Plaintiffs did not receive the message on a "telephone facsimile machine." This is fatal to a claim under Section 227(b)(1)(C). The Court therefore **DISMISSES** Plaintiffs' TCPA claim **WITHOUT LEAVE TO AMEND**.

Because the Court has dismissed Plaintiffs' two federal claims, the Court no longer has jurisdiction over the remainder of Plaintiffs' Complaint, which are all premised on state law. Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013) (internal quotation omitted). As such, federal courts have jurisdiction only over civil actions in which a federal question exists or in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "[C]omplete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008). Additionally, under 28 U.S.C. § 1338(b), the Court "shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws" and under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

Here, the Court has dismissed Plaintiffs' federal claims without leave to amend, thereby eliminating that basis for original and supplemental jurisdiction. As to the remaining claims, Plaintiffs have not pled the amount in controversy. (See Compl.) Further, Plaintiffs, though they do not specifically plead the citizenship of Defendant, assert that Defendant is headquartered in California, the same state where Plaintiffs are domiciled. (Id. ¶¶ 20-21.) This indicates that there is no diversity as required for the Court to retain jurisdiction over any state law cause of action. As such, the Court **DISMISSES** the remainder of Plaintiffs' Complaint. The Clerk is directed to close the case.

   **IT IS SO ORDERED.**

**CIVIL MINUTES—GENERAL**       Initials of Deputy Clerk MG